# Supreme Court of Florida

---

No. SC21-585

---

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE—FORM 8.933.**

November 4, 2021

PER CURIAM.

Before the Court is the report of The Florida Bar's Juvenile Court Rules Committee (Committee) proposing amendments to the Florida Rules of Juvenile Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending form 8.933 (Waiver of Counsel). The amendments were unanimously approved by the Board of Governors of The Florida Bar, and the Court published the Committee's proposal for comment in *The Florida Bar News*. One comment was received from the Florida Public Defender Association (FPDA). The Committee filed a response to the comment, as well as

an amended proposal incorporating many of FPDA's suggested changes.

Having considered the Committee's report, FPDA's comment, and the Committee's response, the Court hereby adopts the amendments to form 8.933 contained in the Committee's amended proposal. To make form 8.933 more accessible and easily understood by juveniles, the form's existing language is replaced with age-appropriate language that more fully explains the right to counsel in delinquency proceedings. A section titled "Statement of Attorney Assigned to Discuss the Waiver with the Child" is added to the end of the form that requires a lawyer to acknowledge that he or she has read the waiver to the juvenile, explained it fully, and is of the belief that the juvenile has knowingly, intelligently, and voluntarily waived the right to counsel.

Accordingly, the Florida Rules of Juvenile Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Candice K. Brower, Chair, Juvenile Court Rules Committee, Gainesville, Florida, Matthew Charles Wilson, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Hon. Jessica J. Yeary, on behalf of the Florida Public Defender Association, Inc., Tallahassee, Florida,

    Responding with comments

# Appendix

## FORM 8.933.   WAIVER OF COUNSEL

WAIVER OF COUNSEL

~~I, the undersigned child, ..... years of age, understand:~~

~~(1)   That a complaint of delinquency alleging that I did: ................... has been made against me;~~

~~(2)   That I have a right to a lawyer and that if I am unable to pay a lawyer and wish to have one appointed, a lawyer will be provided immediately.~~

~~I understand this right to and offer of a lawyer and, being aware of the effect of this waiver, I knowingly, intelligently, understandingly and of my own free will now choose to and, by the signing of this waiver, do hereby waive my right to a lawyer and elect to proceed in this case without benefit of a lawyer.~~

<u>I GIVE UP MY RIGHT TO HAVE A LAWYER</u>

<u>1. I understand that a lawyer is a professional person who is trained in the law and whose job it is to help people who have legal problems.</u>

<u>2. I understand that if I have a lawyer, that person will do several things to help me, such as:</u>

<u>a. Explaining the charges which have been filed against me in the petition for delinquency.</u>

<u>b. Giving me advice on my rights and responsibilities in this case.</u>

<u>c. Advising me as to what legal defenses may be available to me.</u>

<u>d. Advising me as to whether or not I should challenge the charges.</u>

e. Helping me prepare my case for hearing if I decide to challenge the charges.

f. Helping me get the proper witnesses to court.

g. Giving me advice and direction on what I should do regarding my case.

3. I understand that I have a right to be represented by a lawyer at any time and that if I cannot pay to hire a lawyer, the judge will give one to me.  In signing this paper, I understand that I choose not to have a lawyer represent me at this time.

4. I understand that I keep the right to have a lawyer.  I can ask the judge at any time to give me a lawyer even if I have not asked for one before.

5. A lawyer has explained to me my right to be represented in this case, the results of not having a lawyer and other factors that would help me to decide whether or not to have a lawyer in this matter.  I have had time to ask questions and have my questions answered to my satisfaction, including questions about immigration and other consequences.

6. I understand all of the above statements regarding my rights to a lawyer but, I give up my right to be represented by a lawyer at this time.

Date: ....................

_____          _____

Child                                                        Age

~~This waiver of counsel was signed in the presence of the undersigned witnesses who, by their signature, attest to its voluntary execution by this child.~~

~~Witness:_____~~

~~Witness:_____~~

- 5 -

STATEMENT OF PARENT OR RESPONSIBLE ADULT

This waiver of counsel was read by me and explained fully to this child in my presence. I understand the right of this child to an attorney and as the ……….. of this child I consent to a waiver of this right.

Date:………..

_____

ORDER ASSESSING ATTORNEY'S FEE

The child herein, having been represented by the Public Defender in this cause pursuant to section 27.52, Florida Statutes, it is

ORDERED AND ADJUDGED that a reasonable attorney's fee for services rendered by the Public Defender to the child in this cause is $……….. and that said fee is hereby assessed against …………………, the father, and …………………, the mother, in favor of the State of Florida.

DONE AND ORDERED at …………………, Florida, on …..(date)……

_____
Circuit Judge

STATEMENT OF ATTORNEY ASSIGNED TO DISCUSS THE WAIVER WITH THE CHILD

I have read this waiver to the child.  I have explained the waiver fully to the child and believe that the child has waived counsel knowingly, intelligently, and voluntarily.

Date:………..

_____
Attorney

- 6 -